## TOUPET–TAYLOR ENGINEERING CO. v. RED DOG MFG. & SUPPLY CO.

(Circuit Court of Appeals, Third Circuit. December 6, 1926. Rehearing Denied January 26, 1927.)

No. 3397.

1. Patents ⬤141—Enlargement of specifications and claims in reissue held unwarranted, where patentee, with full knowledge, failed to include such matters in original patent.

Where patentee, with full knowledge that unslacked lime or Portland cement could be used as binder in bricks, confined claims, specifications, and disclosures to unslacked lime, his patent rights were limited to original disclosure, and subsequent enlargement of specifications and claims in reissue to include Portland cement, on ground of inadvertent mistake, was unwarranted.

2. Patents ⬤328—Reissue No. 15,829, for making brick and hollow tile, held invalid.

Engelbrecht's reissue, No. 15,829, for making brick and hollow tile by use of Portland cement as binder, *held* invalid.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Patent infringement suit by the Toupet-Taylor Engineering Company against the Red Dog Manufacturing & Supply Company. Bill dismissed, and plaintiff appeals. Affirmed.

Charles M. Clarke, of Pittsburgh, Pa., for appellant.

George E. Stebbins and Byrnes, Stebbins & Parmelee, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns the making of brick and hollow tile from "red dog," a by-product of bituminous coal mining. In such operation great quantities of slate and other strata near the coal have to be mined in connection with the coal, by reason of the thinness of the coal vein. This worthless substance is dumped in huge piles near the pit mouth, where it often takes fire by spontaneous combustion and the burning produces a substance, equally worthless, which the miners call "red dog." The proofs in the case show that some of this red dog was sent to one Engelbrecht, whose patent is here involved, with a view to ascertaining whether it could be used in making fireproof bricks. He experimented and found that, when used in proper proportions with Portland cement, it could be made into bricks having very desirable qualities, and he made some sample bricks by the use of such ingredients. He also found it was possible to use unslacked lime as a binder and he made bricks of those ingredients.

[1] After thus demonstrating the practical possibility of each of the binders, viz. Portland cement and unslacked lime, he, on May 25, 1921, made application for, and on July 24, 1923, was granted, patent No. 1,462,596 for slate bricks. Why he did so is inexplicable but for some reason he made no disclosure in his specification that Portland cement could be used as a binder, but confined his disclosure to the use of unslacked lime. His specification made no suggestion of the use of any other binder than unslacked lime, and his claims were limited, respectively, to unslacked lime, viz. "a proportionately small amount of unslacked lime," and "from 3 to 5 per cent. of unslacked lime." The disclosure of his specification was that after describing red dog, the proportions to be used and preliminary grinding thereof were as follows: "I then add a small proportion of unslacked lime, in the neighborhood of from 3 to 5 per cent.; the greater the percentage of lime, the stronger the brick;" and "my invention consists in part in grinding this mixture properly, the object being to much more thoroughly mix the substances by grinding in conjunction with the proper amount of water, so as to cement together with the lime as great a surface area of the grains of slate as is possible, thereby making the brick stronger and less liable to be disintegrated by intense heat. * * * The grinding, however, is carried on while the mixture is still moist and the lime is slacking, and it is continued until a coherent mass is formed, which will not crumble apart when pressed together."

It will thus be seen the case is not one where, for example, an inventor had found a

single binder for his mixture, and had disclosed all he knew about binders, but had mistakenly confined his claim to that particular binder, or where he had suggested the possible use of some other kind of binder; but the case is one where, with full knowledge and the practical demonstration' that each of two binders could be used to produce red dog bricks, he confined his claim, specification, and disclosure to one binder, and neither disclosed the other binder nor told of its possible use. So far as his patent is concerned, the public at the end of 17 years would still remain ignorant of the possibility of the use of Portland cement.

[2] In view of the full knowledge of Engelbrecht of the use of such cement, and his making neither disclosure nor claim of it, there was no basis for a reissue on the ground of "inadvertence, accident, or mistake," so as to then disclose and claim cement as a binder, and thereby make infringers of cement users, such as the defendant, who were not so when Engelbrecht's patent was issued. On the contrary, the case is one where, with full knowledge of the use of Portland cement in connection with "red dog," Engelbrecht saw fit not to disclose such demonstrated use, and asked for claims limited to his disclosure of lime as a binder. Under such facts, his patent rights were limited to what his original disclosure showed, and the subsequent enlargement of his specification and addition of claims, in his reissue No. 15,829, so as to cover Portland cement, must be adjudged unwarranted and invalid.

So holding, the decree of the court below, dismissing the plaintiff's bill, is affirmed.